```
                                                        USDC SDNY
                                                        DOCUMENT
                                                        ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                            DOC #:
SOUTHERN DISTRICT OF NEW YORK                           DATE FILED: 01/10/2023
------------------------------------------------------------X
ALIYAH R. HAKIM,                                :
                                                :
                Plaintiff,                      :        OPINION AND
                                                :        ORDER
                                                :
        -against-                               :        21-CV-1460 (JLC)
                                                :
                                                :
KILOLO KIJAKAZI,                                :
Acting Commissioner,                            :
Social Security Administration,                 :
                                                :
                Defendant.                      :
                                                :
------------------------------------------------------------X
```

**JAMES L. COTT, United States Magistrate Judge.**

Pending before the Court is plaintiff's motion seeking attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Dkt. No. 29). Plaintiff requests fees in a total amount of $10,113.10 for 43.9 hours of work performed by attorney Daniel Berger and 0.6 hours of work performed by a paralegal. Affidavit of Daniel Berger dated October 7, 2022 (Dkt. No. 30), ¶¶ 8–9. The Acting Commissioner ("Commissioner") opposes the motion only on the basis that the "requested fees [and, in particular, the number of hours expended by counsel] are excessive given the circumstances . . . in this case, which did not present complex issues of fact or law." Commissioner's Memorandum of Law in Opposition dated November 4, 2022 ("Opp.") (Dkt. No. 34), at 1.[1] The Commissioner

---

[1] The Commissioner does not dispute that the motion was timely filed, or that plaintiff is a "prevailing party" as required by the EAJA, or that the requested hourly rate is inappropriate.

1

seeks a reduction of $953.10 in the amount of fees to be awarded so that plaintiff will be awarded $9,160 for 40 hours of attorney work. *Id.*[2] Plaintiff contends that the 43.9 hours expended is reasonable, given, among other reasons, the relative complexity of the case and the need to have reviewed a 1,325-page administrative record. Plaintiff's Response dated November 10, 2022 ("Pl. Resp.") (Dkt. No. 35), at 1–5. As the Commissioner herself acknowledges, a court has broad discretion in determining the amount of time reasonably expended in a case like this one. Opp. at 2 (citing *Aston v. Secretary of Health & Human Services*, 808 F.2d 9, 11 (2d Cir. 1986)). *See also Barbour v. Colvin*, 993 F. Supp. 2d 284, 289 (E.D.N.Y. 2014) ("The reasonableness of attorney's fees sought is a factual inquiry left to the discretion of the district court.").

The EAJA provides for the award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). It is well-settled that the "most useful starting point for determining whether a fee is reasonable is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Servedio v. Commissioner*, No. 19-CV-9903 (RA), 2022 WL 3084335, at *1 (S.D.N.Y. Aug. 3, 2022) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The Commissioner does not contest that plaintiff's hourly rate of $229 is reasonable, but only that the

---

[2] The Commissioner does not address the .6 hours of work performed by a paralegal (or the paralegal rate of $100 per hour), other than to claim summarily that it should be reduced to zero. Opp. at 4. As other courts in this District have found, the $100 paralegal hourly rate is reasonable. *See, e.g., Garcia v. Commissioner*, No. 20-CV-7201 (AEK), 2022 WL 1684280, at *2 (S.D.N.Y. May 26, 2022).

2

43.9 hours was excessive – by 3.9 hours.[3] While it is true, as the Commissioner highlights, that courts in this Circuit have found that 20 to 40 hours "represents a reasonable expenditure of time in routine social security cases, courts have not hesitated to award attorney's fees well in excess of the routine twenty to forty hours where the facts of the specific case warrant such an award." *Id.* (citations omitted). Indeed, courts have routinely awarded fees for greater than 40 hours of work where there was a voluminous administrative record, among other factors. *Id.* (collecting cases).

     Here, the Commissioner is essentially arguing that plaintiff spent 3.9 hours more on this case than she should have. This argument is not persuasive, especially given the procedural history of this case. The administrative record was filed on July 19, 2021 (Dkt. No. 11). After several extensions of time, plaintiff moved for judgment on the pleadings on March 21, 2022 (Dkt. No. 21). The Commissioner then cross-moved for judgment on the pleadings on May 20, 2022 (Dkt. No. 23). Plaintiff filed a reply on June 9, 2022 (Dkt. No. 25). Somewhat inexplicably – given that the motions were fully submitted – the parties entered into a remand stipulation on August 2, 2022 (Dkt. No. 27). Had the parties entered into a remand stipulation after plaintiff had filed her motion, as is sometimes the case, the Commissioner's argument for a reduction in hours might have more force. But for the Commissioner to have put plaintiff through her paces of filing a reply to

---

[3] Since the Commissioner does not object to plaintiff's calculations, the Court will not question or recreate them. *See, e.g., Torres v. Barnhardt*, No. 02-CV-9209 (AJP), 2007 WL 1810238, at *15 (S.D.N.Y. June 25, 2007).

3

the cross-motion before ultimately agreeing to a remand leaves the Court of the firm view that the slightly more than 40 hours that plaintiff expended here is justified (the 5.2 hours allocated for drafting the reply being a reasonable expenditure of time). It is frankly surprising (and disappointing) that the Commissioner would seek judicial intervention to resolve a dispute of this dimension (*i.e.,* less than $1,000) on this record.[4]

Finally, in the conclusion of her response, plaintiff requests that the Court award her EAJA fees "for an additional 2.40 hours spent reviewing Defendant's opposition to the EAJA fees and drafting this detailed response." Pl. Resp. at 6. She adds that "[t]he additional hours were contemporaneously recorded on November 8, 2022 by counsel for Plaintiff and reasonably expended to provide this response." *Id.* While it is true that the time spent litigating an EAJA motion itself can be recovered, *see, e.g., Rosario v. Commissioner,* No. 21-CV-3811 (JCM), 2022 WL 17669939, at *2 n.3 (S.D.N.Y. Dec. 14, 2022) (citing cases), in this case, as in *Rosario*, plaintiff did not provide contemporaneous records to the Court. As the Court in *Rosario* observed, "[t]his Circuit employs a hard and fast rule with only rare exceptions under which contemporaneous time records are a pre-requisite for attorney's fees." *Id.* (cleaned up). Because plaintiff has failed to provide the

---

[4] The fact that the administrative record is more than 1,300 pages, hardly a small record, as well as the fact that the record is not provided to counsel until it is filed with the Court (thus requiring significant review even if litigation counsel had been involved in the administrative proceedings, which was not entirely the case here), also militate in favor of plaintiff's request. While the parties argue over whether this case involved complex legal and factual issues, the Court does not find it necessary to resolve that dispute in reaching its decision.

4

required records, the Court will not award EAJA fees for those additional hours. *Id.* (citing *Patterson v. Commissioner,* No. 20-CV-4591 (SN), 2021 WL 4125013, at *3 (S.D.N.Y. Sept. 9, 2021)).[5]

Accordingly, the Court hereby grants plaintiff's motion for EAJA fees in the amount of $10,113.10.

The Clerk is respectfully directed to close Docket No. 29 and mark it as granted.

**SO ORDERED.**

Dated: January 10, 2023
      New York, New York

JAMES L. COTT
United States Magistrate Judge

---

[5] Moreover, plaintiff should not have simply included this information in a memorandum of law, as it is well-settled that "[a]n attorney's unsworn statements in a brief are not evidence." *Kulhawik v. Holder,* 571 F.3d 296, 298 (2d Cir. 2009).